**Rayming CHANG, et al., Plaintiffs,**

v.

**UNITED STATES, et al., Defendants.**

**No. CIV.A. 02–2010(EGS).**

United States District Court, District of Columbia.

Sept. 17, 2004.

Daniel C. Schwartz, Scott M. Badami, Bryan Cave LLP, Jonathan Turley, National Law Center George Washington University, Washington, DC, for Plaintiffs.

Laurie J. Weinstein, United States Attorney's Office, Leonard H. Becker, Thomas Louis Koger, Office of the Corporation Counsel, Robert E. Deso, Deso, Thomas & Buckley & Stien, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

SULLIVAN, District Judge.

### I. INTRODUCTION

This cases arises from events on September 27, 2002, when approximately 3000 to 5000 people joined in demonstrations in the District of Columbia protesting the

policies of the World Bank, the International Monetary Fund, and the United States government. Chang Am. Compl. ¶¶ 36–39. On that date, plaintiffs, seven students from George Washington University, were among the approximately 400 people arrested at or near a demonstration taking place in General John Pershing Park ("Pershing Park"), located on Pennsylvania Avenue N.W. between 14th and 15th Streets N.W.. *See* Chang Am. Compl. ¶¶ 19–26; 50–57.

Pending before the Court is defendant the District of Columbia's, defendant Mayor Anthony A. Williams's, and defendant Chief of Police of the District of Columbia Metropolitan Police Department ("MPD") Charles H. Ramsey's (collectively "defendants") partial motion for judgment on the pleadings upon plaintiffs' Fourteenth Amendment claims, which are the Second, Fourth, Sixth, Eighth, Ninth, Eleventh, Thirteenth, and Fifteenth claims for relief, on the grounds that the claims fail to state claims as a matter of law. Upon careful consideration of the motion, and the response and reply thereto, as well as the governing statutory and case law, and for the following reasons, defendants' motion for partial judgment on the pleadings is **DENIED**.

## II. STANDARD OF REVIEW

■ This case is before the Court on the defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The Court will grant judgment on the pleadings "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Longwood Village Restaurant, Ltd. v. Ashcroft*, 157 F.Supp.2d 61, 66–67 (D.D.C.2001) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). "If there are allegations in the complaint

which, if proved, would provide a basis for recovery," the Court cannot grant judgment on the pleadings. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir.1987). Accordingly, all factual doubts are resolved in favor of the plaintiffs. *Id.*

## III. ANALYSIS

■ Defendants' three-page motion asserts one argument: that because "it is settled that the District of Columbia is not a state and that the proscriptions of the Fourteenth Amendment, which govern 'state action,' do not apply to the District or its officers," the defendants should be granted judgment as a matter of law upon plaintiffs' Fourteenth Amendment claims. Defs.' Mot. at 3. Plaintiffs agree it is "axiomatic that the District of Columbia is not a state." Pls.' Response at 3.

However, plaintiffs argue that the "District Defendants' supervision of, conspiracy with or aiding and abetting of" officials from *other* states, such as officials from the Virginia Sheriff's Office who were allegedly on the scene of the Perishing Park arrests, could result in District officials acquiring the label of "state actors" through this possible "conspiracy" or "cooperation." *See* Pls.' Mot. at 4–5; *see also* Am. Compl. ¶ 29 (alleging that Fairfax County Police Department officers participated in the arrests); *id.* ¶ 34 (naming the District of Columbia government and "other state or local governments" as defendants). Plaintiffs argue that without further discovery they can "only speculate" about the extent of possible conspiracy or cooperation between District officials and state officials. Accordingly, plaintiffs conclude that dismissal of the Fourteenth Amendment claims would be premature prior to the close of discovery.

Given that discovery has not yet concluded in this case, and indeed has recently been extended until February 28, 2005,

the Court agrees that granting the motion for judgment on the pleadings as to the Fourteenth Amendment claims would indeed be premature. Quite simply, neither the parties nor the Court know whether discovery will reveal any evidence of cooperation between District officials and state officials, and whether any such evidence will support a Fourteenth Amendment claim. Given that plaintiffs' Complaint alleges possible illegal and unconstitutional activity by both District officials and "other state or local governments," and accepting plaintiffs' factual allegations as true, it is *possible* that the "allegations in the complaint . . . [could] provide a basis for recovery." *Haynesworth*, 820 F.2d at 1254.[1] As such, the Court is precluded from granting judgment on the pleadings.

Accordingly, it is by the Court hereby **ORDERED** that defendants' motion for judgment on the pleadings is **DENIED** without prejudice to refiling upon the close of discovery.

1. The Court renders no opinion on whether, if "cooperation" between District officials and state officials is found, this will render the District officials "state actors" for purposes of the Fourteenth Amendment.